09-2874-ag
Ye v. BIA

BIA
Morace, IJ
A 099 616 312

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of February, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges*.
_____

HUA GENG YE,
        *Petitioner*,

        v.                                      09-2874-ag
                                                NAC
BOARD OF IMMIGRATION APPEALS,
        *Respondent*.
_____

FOR PETITIONER:        Farah Loftus, Century City,
                       California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Thomas B. Fatouros, Senior
                       Litigation Counsel, Karen Y.
                       Stewart, Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Hua Geng Ye, a native and citizen of China, seeks review of the June 5, 2009, order of the BIA affirming the September 10, 2007, decision of Immigration Judge ("IJ") Philip Morace pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hua Geng Ye*, No. A 099 616 312 (B.I.A. June 5, 2009), *aff'g* No. A 099 616 312 (Immig. Ct. N.Y. City Sept. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to review the IJ's decision insofar as he pretermitted as untimely Ye's application for asylum. *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Ye has raised neither. We dismiss the petition for review to that extent. We similarly dismiss the petition for review to the extent Ye challenges the denial of his request for CAT relief because he failed to exhaust that argument before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

With respect to the agency's denial of Ye's application for withholding of removal, we find no error in its adverse credibility determination. In his brief, Ye does not challenge the IJ's findings that: (1) his non-responsive demeanor negatively impacted his credibility; (2) the absence of sufficient corroborative evidence negatively impacted his credibility; and (3) there were "significant" discrepancies both within his testimony and between his testimony and the documentary evidence that he submitted regarding the timing and his physical location when he discovered that two of his fellow Falun Gong practitioners

3

had been arrested and detained.  Because Ye does not challenge those findings, they stand as valid bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008). Although Ye challenges other of the IJ's credibility findings, the unchallenged findings alone provide substantial evidence for his adverse credibility determination.  *See also Corovic*, 519 F.3d at 95; *Xiu Xia Lin*, 534 F.3d at 167.  We will therefore not disturb the agency's denial of Ye's application for withholding of removal.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4